IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **THERESA COSTLEY,** | * | |
| Plaintiff | * | |
| v. | * | **CIVIL No. 12-1574-JKB** |
| **SERVICE PROTECTION ADVISORS, LLC,** *et al.* | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

### In Re:  Plaintiff's Motion to Remand (ECF No. 10)

Theresa Costley ("Plaintiff") brought this putative class action suit against Service Protection Advisors, LLC ("SPA"), Lake Shore Premium Finance ("LSPF"), and Automobile Consumer Service Corporation ("ACSC"), (collectively "Defendants"), in the Circuit Court for Baltimore City, seeking restitution, declaratory relief, and injunctive relief for alleged violations of the Maryland Telephone Solicitations Act ("MTSA") MD. CODE ANN. COMM. LAW §§ 14-2201, *et seq*. and the Maryland Consumer Protection Act ("MCPA") MD. CODE ANN., COMM. LAW §§ 13-301, *et seq*.  Defendant ACSC removed the case to this Court.  Now pending before the Court is Plaintiff's Motion to Remand (ECF No. 10).  For the reasons set forth below, the motion will be DENIED.

    I.    **LEGAL STANDARD**

A defendant to a civil action initiated in a State court generally has the right to remove the action to a federal district court if it is within the district court's original jurisdiction.  28

1

U.S.A. § 1441(a).  If the district court's jurisdiction is challenged, however, the removing party bears the burden of establishing that jurisdiction exists.  *See Barbour v. Int'l. Union,* 640 F.3d 599, 605 (4th Cir. 2011) (en banc), *abrogated on other grounds by* 28 U.S.C. § 1446(b)(2)(B). Moreover, due regard for the independence of State courts requires that removal statutes be "strictly construed."  *Id*. (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100-108-09 (1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).

## II.    ANALYSIS

Plaintiff seeks remand of this action to the Circuit Court for Baltimore City on two grounds: (1) that Defendants SPA and LSPF did not properly join in the Notice of Removal (ECF No. 1); and (2) that Defendants failed to respond to the Court's Standing Order Concerning Removal (ECF No. 7) within the prescribed time.  For the reasons explained below, the Court will allow the removal to stand.

There is no dispute that when an action against multiple defendants is removed to federal court, each defendant must "file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process."  *Anne Arundel County*, 905 F.Supp. 277, 278 (D. Md. 1995) (quoting *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D. Va. 1992)) (internal quotation marks omitted).  The parties disagree, however, as to what constitutes unambiguous consent.  Judge Motz of this Court has written a well-reasoned opinion on this issue, with which the undersigned concurs, in the case of *Mayo v. Board of Educ. of Prince George's County* 797 F.Supp.2d 685, 687 (D. Md. 2011), holding that a notice need only state affirmatively that each defendant consents to removal.  Here, the notice of removal filed by Defendant ACSC clearly so states: "Defendant Service Protection Advisors consents to the removal of this action[,]" (Notice of

Removal at 3, ¶ 8, ECF No. 1), "Defendant Lakeshore Premium Finance, LLC consents to the removal of this action[,]" (*Id.* at 4, ¶ 9).

Plaintiff raises two objections to this. First, she argues that the *Mayo* holding is contrary to the Fourth Circuit's recent *en banc* decision in *Barbour v. Int'l Union,* 640 F.3d 599. That reading of the cases is mistaken. The issue in *Barbour* was when the thirty-day window to file a notice of removal should commence in cases where different defendants are served at different times. In passing, the court noted that that issue did not arise where all defendants were served at the same time, in which case all defendants must "consent to and join in the notice of removal" within 30 days of service. *Id*. at 605-06. But, it said nothing about what a defendant must do to "consent to and join in" the notice, which was the issue addressed by Judge Motz in *Mayo*. There is no conflict between these cases.

Second, Plaintiff argues that the notice of removal in this case does not meet the *Mayo* standard, which requires affirmative consent, because e-mails between defense counsel show only that counsel for SPA and LSPF did not object to removal. (ECF No. 15-1). Plaintiff further points out that *Mayo* itself distinguished a previous case, *Anne Arundel County, Md. v. United Pacific Ins. Co.* 905 F.Supp. 277, 278 (D.Md. 1995), in which this Court held that a statement in a notice of removal that "upon information and belief [defendant] does not object to this Petition for Removal" was insufficient. This case, she argues, is more analogous to *Anne Arundel* than to *Mayo*. The Court disagrees. The statement in *Anne Arundel* that "upon information and belief" the other defendant did not object, suggests that there was no direct communication between the defendants and that one defendant took the other's silence as evidence of consent. Here, on the other hand, counsel for SPA and LSPF affirmatively communicated to ACSC that his clients did not object to removal. In the Court's view, such an affirmative statement is an unambiguous way

3

of communicating consent. This is completely different from inferring a party's consent from its silence, which is what *Anne Arundel* rightly prohibits.

Plaintiff's second ground for seeking remand is that Defendants did not respond to the Court's Standing Order Concerning Removal, as required, within the prescribed time period of 15 days. The point is well-taken. Nevertheless, Defendants have now filed their responses, and the Court has been unable to locate any precedent for remanding a case to state court solely because a defendant was tardy in responding to the court's standing order. Because Plaintiff has neither identified any substantive deficiencies in the removal nor challenged the Court's subject matter jurisdiction of this case, the Court declines to set such a precedent here. Defendants are admonished, however, that further failure to comply with the deadlines set by this Court will have more substantial consequences.

### III.   ORDER

Accordingly, it is ORDERED that Plaintiff's Motion to Remand (ECF No. 10) is DENIED.

Dated this 23rd day of August, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge