IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **THERESA COSTLEY** : |
|     **Plaintiff** |
| : |
| **v.** : **Civil No. JKB 12-1574** |
| : |
| **SERVICE PROTECTION** : |
| **ADVISORS, LLC,** *et al.* |
|     **Defendants** : |

## **MEMORANDUM AND ORDER**

After reviewing the pretrial submissions of the parties, the Court concludes this case is not ready for trial. Several issues remain to be sorted out. *First*, neither side dealt appropriately with the issue of Count IV, claiming intentional misrepresentation, in the amended complaint. Plaintiff should have served an accurate, complete copy of the amended complaint on Defendants and should have, once this matter was removed to federal court, ensured that the Court's docket included the same, especially after the matter was brought to her attention in Defendants' motion for summary judgment. Defendants were, nevertheless, put on notice of the apparent omission of Count IV by the redline version attached to the amended complaint; notably, all Defendants included a response to Count IV in their answers. (ECF Nos. 8, 37.) The Court believes it is customary for counsel to alert opposing counsel to this kind of omission at the time it is noticed.

Considering all of that, the Court concludes that Count IV is part and parcel of this case. To ensure that is accurately reflected in the Court's docket, Plaintiff shall file a complete amended complaint and request that it be considered filed on the date the amended complaint was originally filed.

*Second*, the Court is concerned as to whether this case is properly founded upon diversity jurisdiction, which requires a minimum damages amount of $75,000. Having looked at Plaintiff's complaint and the portion of the proposed pretrial order stating Plaintiff's theory of the case and her claimed damages, the Court is skeptical that Plaintiff has, in good faith, claimed anywhere close to $75,000 in damages, despite her demand for $250,000 in her complaint as compensatory damages. The general rule in this matter is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Therefore, Plaintiff shall file with the Court a statement of the damages that she claims; in her statement, Plaintiff shall list the items of damages she claims and state unequivocally whether she is claiming $75,000 or more in damages. If she claims under this amount, then this Court will be without subject-matter jurisdiction and this case will be remanded to state court (unless another basis for federal jurisdiction exists, which the Court cannot currently fathom).

*Third*, if the Court determines it possesses subject-matter jurisdiction, then a briefing schedule for Defendants to file dispositive motions on the proof supporting Count IV will be observed, and that schedule is set forth later in this memorandum and order. *Fourth*, presuming this case goes to trial, Defendant Automobile Consumer Service Corporation shall provide additional detail in the proposed pretrial order on the nature of its cross-claim against its codefendants, clearly stating what factual issues are to be resolved by the jury in relation to the cross-claim. *Fifth*, given the lack of resolution on the above-noted issues, the dates for the pretrial conference and the trial will be vacated.

Accordingly, it is hereby ORDERED:

1. The pretrial conference now set for April 19, 2013, is VACATED. The trial now set for May 6, 2013, is VACATED.

2. Plaintiff shall, on or before April 24, 2013, FILE a correct and complete copy of her amended complaint, to be accepted for filing in this Court's docket as of the date the amended complaint was originally filed.

3. Plaintiff shall, on or before April 24, 2013, FILE a statement of her claimed damages in accordance with this memorandum's dictates.

4. Defendants may respond, on or before April 30, 2013, to Plaintiff's statement of damages.

5. Once the Court has ruled on the question of subject-matter jurisdiction, and if the case remains pending in this Court, then the parties shall observe the following briefing schedule as to Count IV: Defendants are to file dispositive motions on or before May 10, 2013; Plaintiff is to file any response in opposition on or before May 21, 2013; Defendants are to file replies on or before May 29, 2013.

DATED this 18th day of April, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge